UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BELINDA TALBOT, ET AL.**                                    CIVIL ACTION

**VERSUS**                                                    NO. 06-6843

**KIM L. OATS, ET AL.**                                       SECTION B(1)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 3). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

On or about April 25, 2006 at approximately 4:30 a.m., Plaintiff Belinda Talbot was allegedly involved in an automobile accident with Jeremy Clark, deceased. Plaintiffs claim Jeremy Clark was intoxicated and negligently struck Belinda Talbot's vehicle causing extensive personal injuries, property damage, and other special damages. At the time of the accident, Jeremy Clark was driving a vehicle owned by Budget Rent A Car System, Inc./ PV Holding Corporation and rented by Jeremy Clark's employer, Davaco, Inc., for business purposes.

Plaintiffs filed a Petition For Damages in the Thirty-Second Judicial District Court in Terrebonne Parish, Louisiana. Plaintiffs named the following Defendants: Kim L. Oats, presumptive heir of the estate of Jeremy Clark and resident of

1

Ohio; Utica Mutual Insurance Company, a foreign insurer authorized to do business in the State of Louisiana; Davaco, Inc., a Texas corporation with its principal place of business in Texas; Budget Rent A Car System, Inc./PV Holding Corp., a Delaware corporation with its principal place of business in the State of New Jersey; Pathfinder Insurance Company, a foreign insurance company authorized to do business in the State of Louisiana; Dairyland Insurance Company, a foreign insurer authorized to do business in the State of Louisiana; and Louisiana Farm Casualty Insurance Company, Plaintiffs' uninsured /underinsured motor carrier with its principal place of business in Louisiana.

Utica Mutual Insurance Company, Davaco, Inc., Budget Rent A Car System, Inc., PV Holding Corp., and Pathfinder Insurance Company (collectively "Utica")jointly filed a notice of removal and claim this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is properly between citizens of different states.

Plaintiffs filed a Motion To Remand and contend that this matter is not properly between citizens of different states as Plaintiffs properly joined their uninsured/underinsured motorist carrier, Louisiana Farm Casualty Insurance Company.  Therefore, Plaintiffs contend that this Court lacks subject matter

jurisdiction and moves the Court to remand.[1]

Utica claims Plaintiffs improperly joined their uninsured/underinsured motorist carrier, Louisiana Farm Casualty Insurance Company ("Farm Casualty"), to destroy diversity of citizenship.  Utica contends Plaintiff has no possibility of recovering from Farm Casualty.

### *DISCUSSION*

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.* at 573.  The test for fraudulent joinder

---

[1] Defendant Dairyland Insurance Company adopts all arguments made by Utica.  (Rec. Doc. No. 9).  Louisiana Farm Bureau Casualty Insurance Company does not oppose Plaintiffs' Motion To Remand.  (Rec. Doc. No. 7).

3

is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Plaintiffs aptly note that the only policy without a foreseeable coverage defense is Jeremy Clark's $7,500.00 liability policy with Dairyland Insurance Company ("Dairyland"). The damages sustained by Plaintiff Belinda Talbot including two broken ribs, contused lungs, a lacerated liver, a broken collar bone, and a crushed heel will likely exceed the limits of the Dairyland policy. Considering that the issue of liability is unresolved, the Court is not convinced beyond a doubt that Plaintiffs cannot prove a set of facts that would entitle them to relief against Farm Casualty as their uninsured/underinsured motorist carrier.

Utica failed to meet the burden of establishing that there is

no possibility of recovery by Plaintiffs against Farm Casualty. As such, Plaintiffs properly joined Farm Casualty and diversity of citizenship is destroyed.  Therefore, this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 27th day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE